**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-1434**

───────────

DORA ALICIA VILLALTA,

          Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

          Respondent.

───────────

On Petition for Review of an Order of the Board of Immigration Appeals.

───────────

Submitted:  August 31, 2023                Decided:  November 8, 2023

───────────

Before QUATTLEBAUM and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

───────────

Petition denied by unpublished per curiam opinion.

───────────

**ON BRIEF:** Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner.  Brian M. Boynton, Principal Deputy Assistant Attorney General, Cindy S. Ferrier, Assistant Director, Andrew N. O'Malley, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT IF JUSTICE, Washington, D.C., for Respondent.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dora Alicia Villalta, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the Immigration Judge's ("IJ") decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). For the reasons explained below, we deny the petition for review.

Villalta first contends that the IJ abused his discretion in denying her motion for a continuance to receive a late-filed witness list and untimely exhibits. An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29 (2023). We review the denial of a motion for a continuance for abuse of discretion. *Gonzalez v. Garland*, 16 F.4th 131, 144 (4th Cir. 2021). We will sustain the IJ's denial of a continuance unless the denial "was made without a rational explanation, it inexplicably departed from established policies, or it rested on an impermissible basis, e.g., invidious discrimination against a particular race or group." *Id.* (internal quotation marks omitted).

Having reviewed the record, we discern no abuse of discretion in the IJ's denial of Villalta's motion for a continuance. Villalta was required to submit her witness list and exhibits at least 15 days prior to the hearing on her applications for relief. But Villalta waited until just two days before the hearing to file her witness list and exhibits despite having notice of the hearing date for over a year. And Villalta failed to offer an adequate justification as to why she could not have earlier filed those documents. We thus conclude that the IJ did not abuse his discretion in denying Villalta's motion for a continuance.

2

Villalta next argues that the IJ's denial of her continuance motion violated her right to due process.  To succeed on her due process claim, Villalta must make two showings: "(1) that a defect in the proceeding rendered it fundamentally unfair and (2) that the defect prejudiced the outcome of the case." *Anim v. Mukasey*, 535 F.3d 243, 256 (4th Cir. 2008). Based on our review of the record, we are satisfied that Villalta has made neither showing.

Villalta also maintains that the Board applied the wrong standard of review in assessing the IJ's determination that Villalta had not established the requisite nexus between her past harm or fear of future harm and a protected ground for purposes of her asylum and withholding of removal applications.  We are unpersuaded.  At the start of its decision, the Board recognized its duty to review the IJ's factual findings for clear error and all other issues de novo.  Consistent with our precedent, the Board then properly reviewed the IJ's factual findings related to the nexus issue for clear error, and discerning none, affirmed the IJ's determination of that issue.  *See, e.g.*, *Perez Vasquez v. Garland*, 4 F.4th 213, 221 (4th Cir. 2021); *Cortez-Mendez v. Whitaker*, 912 F.3d 205, 209 (4th Cir. 2019).  The Board thus applied the correct standard in reviewing the IJ's nexus analysis.

Finally, Villalta asserts that the Board erred in concluding that her brief did not meaningfully challenge the IJ's denial of her application for CAT relief.  We are satisfied, however, that the Board's conclusion is correct.  Villalta's passing references to "CAT" and "torture" did not alert the Board as to any error in the IJ's analysis of her claim for CAT relief.  *See Perez Vasquez*, 4 F.4th at 228; *cf. United States v. Fernandez Sanchez*, 46 F.4th 211, 219 (4th Cir. 2022) ("[A] party . . . waives an issue by failing to develop its argument—even if its brief takes a passing shot at the issue." (cleaned up)).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*